POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Lead Plaintiff Movant Lucid
Alternative Fund, LP and Proposed
Lead Counsel for the Class*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| LUCID ALTERNATIVE FUND, LP, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AEHR TEST SYSTEMS, INC., GAYN ERICKSON, and CHRIS P. SIU,<br><br>Defendants. | Case No.: 3:24-cv-08683-SI<br><br>MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF LUCID ALTERNATIVE FUND, LP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTION<br><br>CLASS ACTION<br><br>Date:  March 14, 2025<br>Time:  10:00 a.m.<br>Judge:  Hon. Susan Illston<br>Courtroom:  1 – 17th Floor |

Movant Lucid[1] respectfully submits this memorandum of law in further support of its motion for appointment as Lead Plaintiff and approval of its selection of Pomerantz as Lead Counsel (Dkt. No. 17); and in opposition to the competing motion of Yue Guo ("Guo") (Dkt. No. 13).

## I.    PRELIMINARY STATEMENT

The Action is a putative securities class action lawsuit on behalf of investors in Aehr securities. As with all federal class action securities lawsuits, a lead plaintiff must be appointed. The PSLRA governs that process and, pursuant to the PSLRA, the Court must appoint as Lead Plaintiff the movant with the greatest financial interest in the outcome of the action; and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, that movant is Lucid, which incurred a loss of approximately $315,422 in connection with its Class Period purchases of Aehr securities. Although the PSLRA does not define "financial interest," courts in the Ninth Circuit generally assess financial interest with reference to the four *Lax* factors: (1) securities purchased; (2) funds expended; (3) net shares purchased (*i.e.*, shares retained); and (4) monetary loss. *See*, *e.g.*, *Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013) (emphasizing loss in assessing financial interest); *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (same). Among the *Lax* factors, courts generally consider monetary loss to be the most significant with respect to financial interest. *Id.* The table below sets forth the losses of Lucid compared to those of Guo, the only competing movant:

---

[1] All capitalized terms herein are defined in Lucid's moving brief, unless otherwise indicated. *See* Dkt. No. 17.

| Movant | Loss |
|--------|------|
| Lucid | $315,422 |
| Guo | $82,734 |

As the table reflects, Lucid's loss of $315,422 is nearly **$232,700** larger than the losses alleged by Guo.  As such, it cannot reasonably be disputed that Lucid has alleged the largest financial interest in this litigation.

In addition to its significant financial interest, Lucid also satisfies the adequacy and typicality requirements of Rule 23.  Lucid is aware of no conflict between its interests and those of the Class, its losses incurred as a result of the Defendants' alleged malfeasance gives it a sufficient stake in the outcome of the Action to ensure vigorous advocacy, and in Pomerantz, Lucid has retained qualified and experienced counsel.  *Karinski v. Stamps.com, Inc.*, CV 19-1828-R, 2019 WL 8013753, at *1 (C.D. Cal. June 5, 2019); *Harari v. PriceSmart, Inc.*, 19-CV-958 JLS (LL), 2019 WL 4934277, at *3 (S.D. Cal. Oct. 7, 2019).  Moreover, Lucid's claims in this litigation are based on the same legal theory and arise from the same events and course of conduct as the claims of the other Class members.  *See, e.g., Vataj v. Johnson*, 19-CV-06996-HSG, 2020 WL 532981, at *3 (N.D. Cal. Feb. 3, 2020).  Further, as a sophisticated institutional investor with a significant financial interest in the litigation, Lucid is a paradigmatic lead plaintiff under the PSLRA, and its appointment would thus advance the legislative purpose of "increasing the role of institutional investors in class actions" in order to "benefit shareholders and assist courts by improving the quality of representation in securities class actions."  H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733.  For this reason, courts in this Circuit strongly prefer appointment of institutional investors to lead complex securities class actions.  *See, e.g.*, *Shenwick v. Twitter, Inc.*, No. 16-cv-05314-JST, 2016 WL 10672428, at *2 (N.D. Cal. Dec. 22, 2016) ("as an institutional investor, [movant] is likely to be an effective lead plaintiff");

*Feyko v. Yuhe Int'l Inc.*, No. CV 11-05511 DDP (PJWx), 2012 WL 682882, at *3 (C.D. Cal. Mar. 2, 2012) (appointing institutional investor as lead plaintiff, finding it to be "'exactly the type of sophisticated market participant[] Congress intended to take on the role of lead plaintiff following the PSLRA's reforms'" (quoting *In re Regions Morgan Keegan Closed-End Fund Litig.*, No. 07-02830, 2010 WL 5173851, *8 (W.D. Tenn. Dec.15, 2010))); *In re AudioEye, Inc.*, CV-15-163-TUC-DCB, 2015 WL 13654027, at *5-6 (D. Ariz. July 31, 2015) (appointing as lead plaintiff "an institutional investor, which is precisely the kind of investor that Congress sought to encourage to assume a more prominent role in securities litigation with the enactment of the PSLRA's lead plaintiff provisions").

For the foregoing reasons, Lucid respectfully requests that the Court grant its motion in its entirety and deny the competing motion.

## II.      ARGUMENT

### A.      LUCID SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA creates a strong presumption that the Lead Plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). At this stage, the movant that has the largest financial interest need only make a *prima facie* showing that it satisfies the adequacy and typicality requirements of Rule 23. *In re Cavanaugh*, 306 F.3d 726, 730-31 (9th Cir. 2002). Once this presumption is triggered, it may be rebutted only upon proof that the presumptive Lead Plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u-4 (a)(3)(B)(iii)(II). Here, the most adequate class representative for the Class is Lucid.

#### 1.      Lucid Has the "Largest Financial Interest"

The PSLRA requires the court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief

3

sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). As the chart at p. 2 reflects, Lucid incurred losses of approximately $315,422 as a result of the malfeasance alleged in this Action, nearly $232,700 larger than the losses alleged by Guo, the only competing movant. Lucid has thus plainly alleged the largest financial interest in this litigation.

### 2. Lucid Otherwise Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the Class, Lucid has also made the requisite *prima facie* showing that it satisfies the typicality and adequacy requirements of Rule 23. *See Cavanaugh*, 306 F.3d at 730-31. First, Lucid's claims satisfy the typicality requirement of Rule 23(a)(3) because they are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *See, e.g.*, *Vataj*, 2020 WL 532981, at *3. Lucid, like all members of Class, purchased Aehr securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory, and arise from the same events and course of conduct as the Class's claims, satisfy the requirements of Rule 23. *Vataj*, 2020 WL 532981, at *3. Second, Lucid satisfies the adequacy requirement of Rule 23(a)(4) because it has a sufficient stake in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class. *See, e.g.*, *Karinski*, 2019 WL 8013753, at *1; *Harari*, 2019 WL 4934277, at *3.

As noted above, Lucid is a sophisticated institutional investor with significant assets under management. As such, its appointment would be consistent with the PSLRA's preference for the appointment of institutional investors as class representatives in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 ("increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in

MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF LUCID ALTERNATIVE FUND, LP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTION - 3:24-cv-08683-SI

securities class actions"). Indeed, courts in this Circuit strongly prefer appointment of institutional investors to lead complex securities class actions. *See, e.g.*, *Twitter*, 2016 WL 10672428, at *2 ("as an institutional investor, [movant] is likely to be an effective lead plaintiff"); *Yuhe*, 2012 WL 682882, at *3 (appointing institutional investor as lead plaintiff, finding it to be "'exactly the type of sophisticated market participant[] Congress intended to take on the role of lead plaintiff following the PSLRA's reforms'" (quoting *Regions*, 2010 WL 5173851, *8)); *AudioEye*, 2015 WL 13654027, at *5-6 (appointing as lead plaintiff "an institutional investor, which is precisely the kind of investor that Congress sought to encourage to assume a more prominent role in securities litigation with the enactment of the PSLRA's lead plaintiff provisions"). Further demonstrating its adequacy, Lucid has submitted a Declaration signed by Cohen attesting to, *inter alia*, Lucid's and Cohen's respective backgrounds, their investing experience, Cohen's understanding of the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, Cohen's decision to seek Lucid's appointment as Lead Plaintiff for the Class, and the steps that Lucid is prepared to take to prosecute this litigation on behalf of the Class. *See* Dkt. No. 17-6.

* * * * *

Because Lucid has the largest financial interest of any eligible Lead Plaintiff applicant in the relief sought by the Class and otherwise satisfies the requirements of Rule 23, it is the presumptive "most adequate plaintiff" of the Class within the meaning of the PSLRA.

To overcome the strong presumption entitling Lucid to appointment as Lead Plaintiff, the PSLRA requires "***proof***" that the presumptive Lead Plaintiff is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added). No such proof exists in this case and any speculative arguments to the contrary should be flatly rejected.

### B.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, No. CV01-00871LGB(RNBX), 2001 WL 861694, at *4 (C.D. Cal. Apr. 26, 2001).  The Court should not interfere with a lead plaintiff's selection unless it is necessary to do so to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *Osher*, 2001 WL 861694, at *4.

Here, Lucid has selected Pomerantz as Lead Counsel for the Class.  As its resume reflects, Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors.  In 2018, Pomerantz secured a settlement of nearly $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A.–Petrobras—the largest securities class action settlement in a decade.  *See* Dkt. No. 17-7.  Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010, and the $90 million settlement in *Klein v. Altria Group, Inc. et al*, No. 3:20-cv-00075 (E.D. Va.) in March 2022.  *See id.*  Thus, the Court may be assured that by approving the selection of counsel by Lucid, the members of the class will receive the best legal representation available.

## III.    CONCLUSION

For the foregoing reasons, Lucid respectfully requests that the Court issue an Order: (1) appointing Lucid as Lead Plaintiff for the Class; and (2) approving Lucid's selection of Pomerantz as Lead Counsel for the Class.

MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF LUCID ALTERNATIVE FUND, LP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTION - 3:24-cv-08683-SI

Dated: February 18, 2025

Respectfully submitted,

POMERANTZ LLP

/s/ Jennifer Pafiti
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

POMERANTZ LLP
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Lead Plaintiff Movant Lucid*
*Alternative Fund, LP and Proposed Lead*
*Counsel for the Class*

THE LAW OFFICE OF JACOB SABO
Jacob Sabo
22a Mazzeh Street
Tel-Aviv, Israel
Telephone: (++972) 39070770

*Additional Counsel for Lead Plaintiff*
*Movant Lucid Alternative Fund, LP*

MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF LUCID ALTERNATIVE FUND, LP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTION - 3:24-cv-08683-SI

**PROOF OF SERVICE**

I hereby certify that on February 18, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

> */s/ Jennifer Pafiti*
> Jennifer Pafiti

MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF LUCID ALTERNATIVE FUND, LP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTION - 3:24-cv-08683-SI