**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCID ALTERNATIVE FUND, LP, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>     v.<br><br>AEHR TEST SYSTEMS, INC., GAYN ERICKSON, and CHRIS P. SIU,<br><br>     Defendants. | Case No. 3:24-cv-08683-SI<br><br>**MEMORANDUM OF LAW OF MOVANT YUE GUO IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTION**<br><br><u>CLASS ACTION</u><br><br>Judge: Susan Illston<br>Hearing: March 14, 2025<br>Time: 10:00 AM<br>Ctrm: 1 – 17th Floor (San Francisco) |

Movant Yue Guo ("Mr. Guo") respectfully submits this Memorandum of Law in Opposition to the Competing Motion to Appoint Lead Plaintiff and Approve Lead Plaintiff's Selection of Counsel. Dkt. No. 17.

Mr. Guo, as explained in his opening brief, is a Thailand-based investor with over 11 years of investing experience. Dkt. No. 13 at 6. Mr. Guo lost $82,733.84. Dkt. Nos. 14-3. The competing movant—Lucid Alternative Fund, LP, ("Lucid")—claims to have suffered larger losses than Mr. Guo. *Compare* Dkt. No. 17-3 *with* Dkt. No. 14-3. However, Lucid does not qualify as the presumptive lead plaintiff as it cannot meet Rule 23's typicality and adequacy requirements. Further, Lucid has improperly inflated its losses by including purchases of Aehr Test Systems ("Aehr") stock outside of the Class Period.

MEMORANDUM OF LAW OF MOVANT YUE GUO IN OPPOSITION TO COMPETING LEAD PLAINTIFF
MOTION – 3:24-cv-08683-SI

It is critical to note that courts determining the most adequate lead plaintiff do not merely perform a rote mathematical calculation of comparing alleged losses. Numerical loss is only a first step in the process. *In re Mersho*, 6 F.4th 891, 896 (9th Cir. 2021) (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)-(cc)). The next step is analyzing a proposed lead plaintiff's typicality and adequacy under Rule 23. *See Id*. (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)).

In contrast to the inadequate and atypical movant noted above, Mr. Guo lost $82,733.84. Dkt. No. 14-3. Mr. Guo should be appointed Lead Plaintiff, and his selection of Lead Counsel should be approved.

## ARGUMENT

### I. LUCID IS INADEQUATE AND ATYPICAL

#### A. Lucid Engaged in Extensive Options Transactions

Lucid engaged in extensive options trading. *See* Dkt. Nos. 17-3 and 17-5. As Lucid itself notes, it has made $108,610 in profit on options transactions. Dkt. No. 17-3. Other than a small handful of buy orders, on January 9, 2024 and January 10, 2024, Lucid's purchases of Aehr common stock appear to be the result of options assignments, instead of open market purchases. *See id*.

Options transactions, even when coupled with other securities transactions, such as common stock, can demonstrate atypicality. Courts have found options traders to be incapable of properly representing a class of stockholders given the fundamental differences between stocks and options. *Cook v. Allergan PLC*, 2019 WL 1510894, at *2 (S.D.N.Y. Mar. 21, 2019) (declining to appoint movant with largest financial interest as lead plaintiff whose interest was heavily in options because he was not "an investor whose claims will turn out to be typical of the average common stockholder within the meaning of Fed. R. Civ. P. 23(a)(3)" and his appointment "as lead plaintiff very likely 'would introduce factual issues irrelevant to stockholder class members, like strike price, duration, maturity, volatility, and interest rates, and he could subject the class to unique defenses, causing unnecessary conflict.'") (citing cases); *Micholle v. Ophthotech Corp*., 2018 WL 1307285, at *9 (S.D.N.Y. Mar. 13, 2018) (same); *Bricklayers of W. Pa. Pension Plan v. Hecla Mining Co*., 2012 WL 2872787, at *4 (D. Idaho July 12, 2012) ("[T]he price and value

MEMORANDUM OF LAW OF MOVANT YUE GUO IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION – 3:24-cv-08683-SI

of a single share of common stock is very different from the price and value of a single call option. The options' valuable lives are limited, their value is conditional, and there is a large disparity between their price and their potential value.").

Lucid regularly engages in such atypical investment strategies and, as such, its motion should be denied. *See Lucid Alternative Fund, LP v. Elastic N.V. et al*., 1:25-cv-00785 (E.D.N.Y. 2015), Dkt. No. 1 (showing purchases and sales of both put and call options in addition to common stock transactions); *See Lucid Alternative Fund, LP v. Innoviz Technologies Ltd. et al* No. 1:24-cv-01971 (S.D.N.Y. 2024), Dkt. No. 1 (showing the sale of put options as well as transactions in common stock); *In re SolarEdge Technologies, Inc. Securities Litigation,* No. 1:23-cv-09748 (S.D.N.Y. 2023), Dkt. No. 24-3. (showing purchases and sales of both call options and put options in addition to common stock transactions).

**B. Lucid Profited on its Purchases of Put Options**

In addition to buying other types of options, Lucid bought put options—betting that the price of Aehr stock would fall. [1] Lucid profited from these transactions. *See* Dkt. No. 17-3. The typical class member in this case, such as Mr. Guo, was not investing in Aehr securities with the hope that the price would fall, as Lucid did.

Thus, Lucid is atypical and inadequate as its purchases of put options, similar to short selling, are premised on the belief that the stock in question will fall. *See e.g., In re Critical Path, Inc. Sec. Litig.*, 156 F. Supp. 2d 1102, 1109-1110 (N.D. Cal. 2001) ("It is a poor choice to appoint a class representative who engaged in a trading practice premised on the belief the stock would fall. The fraud-on-the market theory, the premise of which is that the market accurately reflects publicly available information, is central to securities actions. Short sales raise the question of whether the seller was actually relying on the market price, and the class is not served by its representative coming under such scrutiny.") (internal citation omitted).

---

[1] "A put option becomes more valuable as the price of the underlying stock decreases. Conversely, a put option loses its value as the price of the underlying stock increases. As a result, they are typically used for hedging purposes or to speculate on downside price action." https://www.investopedia.com/terms/p/putoption.asp.

3

*See also Weisz v. Calpine Corp.*, 2002 WL 32818827, at *8 (N.D. Cal. Aug. 19, 2002) (finding movant to be "disqualified from serving as a lead plaintiff by virtue of the fact that he admittedly sold Calpine stock 'short' during the Class Period." and that "[s]hort sales raise the question of whether the seller was actually relying on the market price, and the class is not served by its representative coming under such scrutiny.") (Internal citation omitted); *Marcus v. J.C. Penney Co.*, 2014 WL 11394911, at *7 (E.D. Tex. Feb. 28, 2014) (finding short selling to be an "atypical trading practice" and holding short seller to be "subject to unique defenses and flaws that render him inadequate to serve as lead plaintiff").

In sum, due to its extensive options trading, including purchases of put options, Lucid is subject to unique defenses that Mr. Guo is not. Mr. Guo exclusively purchased Aehr stock in open market transactions, which were not the result of options trading. *See* Dkt. 14-3.

**C. Lucid Impermissibly Inflated its Loss by Including post-Class Period Stock Purchases**

The Class Period in this action, as Lucid presumably knows since it filed this action, is January 9, 2024 through March 24, 2024, both dates inclusive. *See* Dkt. No. 1., at 2. Lucid states in its memorandum in support of its lead plaintiff motion that "During the ***Class Period,*** Lucid purchased 50,000 shares of Aehr stock[.]" (Emphasis added). Dkt. 17, at 7. In its memorandum, Lucid states that, "to its knowledge," it has the largest financial interest based on factors articulated in *Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997), which include "the number of shares ***purchased during the class period***", net shares purchased ***during the class period***, and the total net funds expended ***during the class period***. *Id.* (Emphasis added). In Lucid's PSLRA Certification, it states that "[t]he attached sheet lists all of the Fund's transactions in Aehr securities ***during the Class Period*** as specified in the Complaint." (Emphasis added). Dkt. No. 17-5. Lucid claims in its loss chart that it spent $1,046,419 on 50,000 shares of common stock, and lost $424,032 on common stock. *See* Dkt. Nos. 17-3.

MEMORANDUM OF LAW OF MOVANT YUE GUO IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION – 3:24-cv-08683-SI

Despite Lucid's repeated representations to the Court that its loss involved class period transactions in common stock, Lucid's calculation claims losses on common stock purchases on 4/15/2024, 4/17/2024, and 4/22/2024, which were after the class period ended. See Dkt. 17-3.

If the purchases of 3,500 shares on April 15, 2024, 100 shares on April 17, 2024, and 1,400 shares on April 22, 2024 are not included in its loss calculation, Lucid's loss on common stock purchases goes down to $370,250.13. Combined with Lucid's admitted $108,610 gain on options trades, this leads to an overall loss (considering options and stock transactions) of $261,640, not $315,422, as Lucid represented to the Court.

Courts have rejected lead plaintiff motions filed by movants who sold put options during the Class Period, resulting in shares that were purchased after the class period, on the basis of their atypicality (as options investors), without even considering the propriety of claiming losses on post-class period purchases. In *Jaramillo v. Dish Network Corporation, et al.,* 2023 WL 5312062 (D. Colo. Aug. 16, 2023) at *3, the court rejected such a movant.

In *Jaramillo*, the court noted that "Movant Steiger does in fact claim losses on 18,000 shares of Dish common stock that he purchased after the class period ended. Movant Steiger urges that the losses related to these purchases are properly included in his loss calculations because he was compelled to purchase these shares under put contracts he sold (and therefore based on investment decisions he made) within the class period." The court then stated that it "need not decide the scope of Movant Steiger's losses" because "[e]ven if [Movant] Steiger [. . .] could establish that [he] had the greatest [loss], [his] status as [a put option seller] (and the fact that [he] obtained Dish common stock exclusively because the option purchasers exercised these options) raises typicality and adequacy concerns and subjects them to unique defenses that preclude their appointment." *Id,* at *3.

The *Jaramillo* court cited and discussed *Di Scala v. ProShares Ultra Bloomberg Crude Oil*, No. 20 CIV. 5865 (NRB), 2020 WL 7698321 (S.D.N.Y. Dec. 28, 2020) and *Cook v. Allergn PLC,* No. 18 CIV. 12089 (CM), 2019 WL 1510894 (S.D.N.Y. Mar. 21, 2019), among others, to note the unique challenges facing options investors. *Id.* at 3.

## II.    MR. GUO SHOULD BE APPOINTED LEAD PLAINTIFF

MEMORANDUM OF LAW OF MOVANT YUE GUO IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION – 3:24-cv-08683-SI

Mr. Guo, with losses of $82,733.84 is the presumptive Lead Plaintiff as he has the remaining largest financial interest and satisfies the typicality and adequacy requirements of Rule 23. Mr. Guo should be appointed Lead Plaintiff, and his selection of Lead Counsel should be approved.

To overcome the strong presumption entitling Mr. Guo to be appointed Lead Plaintiff, the PSLRA requires "proof" that the presumptive lead plaintiff is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such proof exists in this case, and any arguments to the contrary should be flatly rejected. Competing movants may attempt to conjure up speculative arguments to rebut the presumption in favor of Mr. Guo. Any such speculative challenge does not satisfy the PSLRA's requirement that the presumptively most adequate plaintiff may only be rejected if a rival movant presents "proof" that the presumptive Lead Plaintiff, here Mr. Guo, will not adequately protect the interests of the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Lomingkit v. Apollo Educ. Grp. Inc.*, 2016 WL 3345514, at *2 (D. Ariz. June 16, 2016).

As Mr. Guo has made a demonstration of his typicality and adequacy and has the largest remaining financial interest, and no movant has rebutted the presumption with proof, Mr. Guo must be appointed Lead Plaintiff.

## III.    MR. GUO'S SELECTION OF COUNSEL SHOULD BE APPOINTED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. See 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). *See also In re Cavanaugh*, 306 F.3d 726, 734 n. 14 (9th Cir. 2002).

Mr. Guo has selected The Rosen Law Firm, P.A. as Lead Counsel. The firm has the resources and expertise to litigate this action efficiently and aggressively. As the firm's resume reflects, it is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. Dkt. Nos. 13 at 7 and 14-4. Thus, the Court may be assured that by approving Mr. Guo's selection of counsel, the members of the class will receive excellent legal representation.

## IV.    THE COMPETING MOTION SHOULD BE DENIED

MEMORANDUM OF LAW OF MOVANT YUE GUO IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION – 3:24-cv-08683-SI

The competing motion should be denied as Mr. Guo satisfies the requirements of Rule 23, has the greatest remaining financial interest in the litigation, and should therefore be appointed Lead Plaintiff without further analyses. *Cavanaugh*, 306 F.3d at 732 ("The statutory process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical.").

## CONCLUSION

For the foregoing reasons, Mr. Guo respectfully requests the Court issue an Order: (1) appointing Mr. Guo as Lead Plaintiff of the Class; (2) approving Mr. Guo's selection of The Rosen Law Firm P.A. as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: February 18, 2025                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*

7

**PROOF OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On February 18, 2025, I electronically filed the following **MEMORANDUM OF LAW OF MOVANT YUE GUO IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTION** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing in true and correct.

Executed on February 18, 2025.

/s/ Laurence M. Rosen
Laurence M. Rosen

MEMORANDUM OF LAW OF MOVANT YUE GUO IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION – 3:24-cv-08683-SI