**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCID ALTERNATIVE FUND, LP, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> AEHR TEST SYSTEMS, INC., GAYN ERICKSON, and CHRIS P. SIU, <br><br> Defendants. | Case No. 3:24-cv-08683-SI <br><br> **REPLY MEMORANDUM OF LAW OF MOVANT YUE GUO IN FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION** <br><br> <u>CLASS ACTION</u> <br><br> Judge: Susan Illston <br> Hearing: March 14, 2025 <br> Time: 10:00 AM <br> Ctrm: 1 – 17th Floor (San Francisco) |

Movant Yue Guo ("Mr. Guo") respectfully submits this Reply Memorandum of Law in Further Support of his Lead Plaintiff Motion. Mr. Guo, as explained in his opening brief, is a Thailand-based investor with over 11 years of investing experience. *See* Dkt. No. 13 at 6. Mr. Guo lost $82,733.84. Dkt. Nos. 14-3.

The other lead plaintiff movant, Lucid Alternative Fund, LP ("Lucid") claims a larger loss than Mr. Guo. *See generally* Dkt. No. 22. However, Lucid's opposition does not rehabilitate issues surrounding its inadequacy and atypicality, demonstrated in its lead plaintiff motion filings.

Mr. Guo is the presumptive lead plaintiff under the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), because he is the movant with the largest loss in this matter who has *also* demonstrated that he is typical and adequate. *See generally* Dkt. No. 23. Under the PSLRA, the presumptive Lead Plaintiff is the movant with the largest loss that makes a *prima facie*

1

showing of adequacy and typicality. *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I). The "'most capable' plaintiff-and hence the lead plaintiff-is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (footnote omitted).

Lucid is atypical and inadequate due to its options trading patterns, including purchases of put options, which are a way to speculate that a stock will go down in price. *See* Dkt. No. 23 at 2-4. Lucid regularly engages in such atypical strategies. *See id.* at 3. Other than a small handful of buy orders (on January 9, 2024 and January 10, 2024), Lucid's purchases of Aehr common stock appear connected to its options transactions. *Id.* at 2. These trading patterns subject Lucid to unique defenses, including whether Lucid relied on Aehr's statements. *See id.* at 4.

Further, Lucid continues to argue that its loss is $315,422. Dkt. No. 22 at 1-2. This is an inflated figure based on purchases of common stock made outside of the Class Period. Dkt. No. 23 at 4-5. In short, Mr. Guo is the only movant who understands the class.

Given that Lucid has not addressed concerns about its adequacy and atypicality (and inflates its loss) and does not dispute Mr. Guo's adequacy or typicality, Mr. Guo should be named lead plaintiff.

## ARGUMENT

## I.    MR. GUO SHOULD BE APPOINTED LEAD PLAINTIFF

**A.    Lucid Continues to Inflate its Losses, Despite Arguing that its Purchases were Made During the Class Period.**

As Mr. Guo explained, Lucid claimed that its losses were based on class period transactions, under factors outlined in *Lax v. First Merchants Acceptance Corp.,* No. 97 C 2715, 1997 WL 461036, at *t (N.D. Ill. Aug. 6, 1997), but then included stock purchases that took place outside of the class period in its loss chart. This inflated Lucid's losses. *See* Dkt. Nos. 23 at 4-5, 17 at 7-8.

In its opposition brief, Lucid continues to represent that it had lost $315,422 "in connection with its ***Class Period purchases*** of Aehr securities." Dkt. No. 22 at 1 (Emphasis added). As Mr. Guo noted, $315,422 is an inflated figure based in part on purchases of common

2

stock made outside of the Class Period (which, as Lucid should know, is January 9, 2024 through March 24, 2024). *See* Dkt. Nos. 22, 1; *see also* Dkt. No. 17-3 (loss chart claiming a $315,422 loss, based in part on buy orders made on April 15, 2024, April 17, 2024, and April 22, 2024).

### B. Lucid did not Assuage Concerns about its Inadequacy or Atypicality

In its opposition, Lucid did not dispute Mr. Guo's adequacy or typicality in any way and has thus conceded that he is adequate and typical. See Dkt. No. 20. Lucid emphasized that it has the largest loss. *See generally* Dkt. No. 22 at 1-2. However, courts do not determine the most adequate lead plaintiff by performing a rote mathematical calculation of comparing alleged losses. *See* Dkt. No. 23 at 2. Numerical loss is only a first step in the process. *In re Mersho*, 6 F.4th 891, 896 (9th Cir. 2021) (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)-(cc)). The next step is analyzing a proposed lead plaintiff's typicality and adequacy under Rule 23. See *id.* (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)).

Mr. Guo, with losses of $82,733.84 is the presumptive Lead Plaintiff as he has the remaining largest financial interest *and* (unlike Lucid) satisfies the typicality and adequacy requirements of Rule 23. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730).

"The plaintiff with the largest financial stake in the controversy that preliminarily satisfies the typicality and adequacy requirements is presumed to be the most adequate plaintiff." *Id.* (citing *Cavanaugh*, 306 F.3d at 730). "The adequacy requirement is met if there are no conflicts between the representative and class interests[.] *Id.* "The test of typicality is 'whether the other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Richardson*, 2007 WL 1129344, at *4 (citing *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).

Lucid is atypical and inadequate because it engaged in extensive options trading, including purchases of put options. *See* Dkt. No. 23 at 2-4. Other than a small handful of buy orders, Lucid's

3

purchases of Aehr common stock appear to be the result of assignments, instead of open market purchases. *Id.* at 2. As Mr. Guo noted, "[o]ptions transactions, even when coupled with other securities transactions, such as common stock, can demonstrate atypicality. Courts have found options traders to be incapable of properly representing a class of stockholders given the fundamental differences between stocks and options." *Id.* (citing cases).

Appointment of Lucid as "lead plaintiff very likely would introduce factual issues irrelevant to stockholder class members like strike price, duration, maturity, volatility, and interest rates, and [Lucid] could subject the class to unique defenses, causing unnecessary conflict." *See Cook v. Allergan PLC,* 2019 WL 1510894, at *2 (S.D.N.Y. Mar. 21, 2019) (citing cases).

Lucid's purchases of put options are particularly problematic because they are "premised on the belief that the stock in question will fall." *See id.* at 3. The purchase of put options subjects Lucid to unique defenses by raising the question of whether Lucid was relying on representations by defendants, and the existing market price of Aehr stock, which could cause conflicts between Lucid and class members (such as Mr. Guo) who did not buy atypical securities such as put options. *See id.* at 3-4 (citing cases). Dkt. No. 23, at 3 ("The typical class member[,] such as Mr. Guo, was not investing in Aehr securities with the hope that the price would fall, as Lucid did.")

In its opposition, Lucid argues in a conclusory manner that it satisfies Rule 23. *See* Dkt. No. 22 at 4-5. This argument should be flatly rejected because it doesn't discuss Lucid's purchases of options, or address concerns regarding Lucid's atypical trading practices.

**C. Lucid did not Contest Mr. Guo's Adequacy or Typicality**

Lucid has not disputed Mr. Guo's adequacy or typicality in any way and has thus conceded that he is adequate and typical. *See generally* Dkt. No. 22. This is because Mr. Guo has no issues. Mr. Guo is not subject to any unique defenses based on his transactions in Aehr stock. Lucid failed to raise *any* specific concern with *any* of Mr. Guo's transactions or his background. *See id.*

Any belated attempts to conjure up any issues with Mr. Guo on reply must be disregarded. *See e.g., Westwood v. Brott*, 2022 WL 17418975, at *7 (N.D. Cal. Dec. 5, 2022) ("Ordinarily, arguments raised for the first time in a reply brief are waived.") (citing *Wildridge v. Marshall*,

4

2014 WL 1217974, at \*3 n.4 (N.D. Cal. Mar. 21, 2014) (Illston, J.) and *Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 n.5 (9th Cir. 2003)).

## **CONCLUSION**

For the foregoing reasons, including in Mr. Guo's opening and opposition papers, his motion should be granted in its entirety and the competing motion should be denied.

Dated: February 25, 2025

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*

5

REPLY MEMORANDUM OF LAW OF MOVANT YUE GUO IN FURTHER SUPPORT OF HIS LEAD
PLAINTIFF MOTION – 3:24-cv-08683-SI

**PROOF OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On February 25, 2025, I electronically filed the following **REPLY MEMORANDUM OF LAW OF MOVANT YUE GUO IN FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing in true and correct.

Executed on February 25, 2025.

/s/ Laurence M. Rosen
Laurence M. Rosen

REPLY MEMORANDUM OF LAW OF MOVANT YUE GUO IN FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION – 3:24-cv-08683-SI